**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:11CV244-MOC-DSC**

| | |
|---|---|
| KELLY J. PAYNE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ADVANTAGE SALES AND ) <br> MARKETING, ) <br> ) <br> Defendant. ) <br> ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendant's "Motion to Compel and for Sanctions" (document #7) and "Memorandum in Support ..." (document #8) both filed October 6, 2011. The pro se Plaintiff has not responded to Defendant's Motion and the time for filing a response has expired.

On August 5, 2011, Defendant served its First Set of Interrogatories and First Requests for Production of Documents. Defendant credibly represents that Plaintiff has provided only partial and incomplete responses to these reasonable discovery requests. Defense counsel has made multiple attempts to resolve this discovery matter without Court intervention.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947).  However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party.  See  Fed. R. Civ. P. 26(c).

Whether to grant or deny a motion to compel discovery is generally left within the District Court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving discovery issues); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

The Fourth Circuit has emphasized the significance of establishing a history of dilatory action and warning to the offending party of what may follow prior to imposing monetary sanctions or dismissing the action for failure to comply with discovery obligations.  See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993); and Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

Applying those legal principles to this case, and recognizing that Plaintiff has not been warned previously of the likely consequences of her failure to perform her responsibilities as a litigant, the Court will order Plaintiff to respond to Defendant's First Set of Interrogatories and First Requests for Production of Documents.

The Court warns Plaintiff that she will be expected and required to conduct discovery, respond to discovery requests from Defendant, and generally carry out any other duties and responsibilities related to this litigation with all diligence, including complying with the Local Rules,

the Federal Rules of Civil Procedure, the Pretrial Order and Case Management Plan, and other Orders of the Court, on or before the expiration of the appropriate deadlines.

Moreover, the Court specifically warns Plaintiff that any further failure to respond to Defendant's reasonable discovery requests, or to comply with this Court's Orders, the Local Rules, or the Rules of Civil Procedure <u>will</u> result in the imposition of sanctions. **Sanctions may include Plaintiff being ordered to pay Defendant's costs, including reasonable attorney's fees, and <u>may also include dismissal of this lawsuit with prejudice</u>**.

### ORDER

**IT IS HEREBY ORDERED** that Defendant's "Motion to Compel and for Sanctions" (document #7) is **GRANTED IN PART**, as follows:

1. Plaintiff is **ORDERED** to serve complete responses to Defendant's First Set of Interrogatories and First Requests for Production of Documents on or before November 10, 2011.

2. Defense counsel is directed to notify the Court promptly should Plaintiff fail to comply with the terms of this Order.

4. The Clerk is directed to send copies of this Memorandum and Order to the pro se Plaintiff; to counsel for Defendant; <u>and to the Honorable Max O. Cogburn, Jr.</u>

**SO ORDERED**.

Signed: October 25, 2011

David S. Cayer
United States Magistrate Judge